IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON JONES,

    Petitioner,               No. 2:09-cv-2360 KJN (TEMP) P

    vs.

M. MARTEL,

    Respondent.         ORDER

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Before the court is respondent's motion to dismiss the pending habeas petition as barred by the statute of limitations. After being granted an extension of time in which to oppose the motion, petitioner filed a request for stay and abeyance. Respondent has filed an opposition to the request for stay and abeyance.

        For the reasons set forth below, the undersigned concludes that respondent's motion is granted.

////

////

II. <u>Statutory Tolling</u>

Before the court can address petitioner's motion for stay, the court must address the issue of statutory tolling.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled guilty to voluntary manslaughter, attempted robbery, and two counts of conspiracy to commit robbery. Petitioner admitted a sentencing enhancement. On April 18, 2003, petitioner was sentenced to a determinate state prison term of fourteen years and eight months. (Respondent's Lodged Document ("LD") 1.)

2. On December 22, 2003, the California Court of Appeal, Third Appellate District, affirmed the judgment. (LD 2.) Petitioner did not request rehearing in the California Court of Appeal or seek review in the California Supreme Court.

3. On March 16, 2007, petitioner filed his first petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 3.)[1] On April 18, 2007, the petition was denied. (LD 3.)

4. Under the mailbox rule,[2] on February 19, 2009, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 4.) The California Supreme Court denied the petition on July 22, 2009, without comment. (LD 5.)

5. The instant action was filed on August 15, 2009, under the mailbox rule. (Dkt. No. 1.)

Petitioner's conviction was affirmed on December 22, 2003, by the California Court of Appeal, Third Appellate District. (LD 2.) When a habeas petitioner does not seek review of a Court of Appeal decision affirming his conviction, the conviction is final for statute of limitations purposes forty days after the decision was issued. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008); Cal. Ct. R. 8.366(b)(1) & 8.500(e)(1). Because petitioner did not seek review in the California Supreme Court, his conviction became final on January 31, 2004, i.e. forty days after the December 22, 2003 order by the California Court of Appeal affirming the judgment. The AEDPA statute of limitations period began to run the following day, on January 30, 2004. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Accordingly, the limitations period ran from January 31, 2004, through January 30, 2005. Absent tolling,

---

[1] Respondent was unable to obtain a copy of the petition and ruling. However, because the Sacramento County Superior Court's docket provides the dates required, the court does not need a copy of the petition or ruling at this time.

[2] Houston v. Lack, 487 U.S. 266 (1988) (petitioner is given credit for having filed his petition on the date he gave it to prison officials for mailing). All subsequent dates of filing by petitioner reflect benefit of the mailbox rule.

petitioner's federal petition was due on or before January 31, 2005.[3]

On March 16, 2007, petitioner filed his first state habeas petition. However, by then, the federal statute of limitations period had expired. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, petitioner's state habeas petitions have no effect on the statute of limitations period.

The instant petition was not filed until August 15, 2009, over four and one-half years after the statute of limitations period expired. Accordingly, this action is time-barred unless petitioner can demonstrate he is entitled to equitable tolling.

III. Equitable Tolling

Despite being given an opportunity to oppose respondent's motion to dismiss, petitioner did not address the issue of equitable tolling.

In Holland v. Florida, 130 S.Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances." To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal citation omitted),

---

[3] Because January 30, 2005, fell on a Sunday, petitioner had until Monday, January 31, 2005, in which to file his federal petition. Fed. R. Civ. P. 6(a)(1)(C).

cert. denied, 130 S. Ct. 244 (2009). It is petitioner's burden to show he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted).

Petitioner does not explain his delay in filing his petitions for writ of habeas corpus in state court. Given the instant petition was filed over four and one-half years after the statute of limitations period expired, it is unlikely petitioner can demonstrate he was diligent in protecting his rights. This conclusion is further demonstrated by petitioner's desire to stay this action and return to state court to exhaust claims. Petitioner has failed to show he is entitled to equitable tolling.

IV.  Request for Stay

As set forth above, the instant petition is barred by the statute of limitations. Because the instant petition is time-barred, staying this action to allow petitioner to return to state court to exhaust his state court remedies would be futile. Smith v. Horel, 2008 WL 2038855, *5 (C.D. Cal. 2008) (grant of stay is inappropriate because federal petition was untimely.) In addition, because the instant petition is untimely, there is no good cause to grant a stay. See Rhines v. Weber, 544 U.S. 269, 275 (2005) (the stay and abey procedure may protect a petitioner who has timely filed a mixed petition in federal court from the AEDPA statute of limitations bar after exhausting remedies in state court).[4] Accordingly, petitioner's request for stay and abeyance is denied.

////

---

[4] As respondent points out, the current petition is not a mixed petition. Petitioner presented the claims in the instant petition to the California Supreme Court, which exhausts the claims set forth in the instant petition. In his request for stay, petitioner identified two claims he filed with the courts, both of which are included in the instant petition. Petitioner did not identify any new claims he sought to exhaust in state court, but states he "has not fully exhausted all claims" in state court. (Dkt. No. 13 at 4.) Any new claims, however, would also be time-barred.

V. <u>Conclusion</u>

      Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner's request for a stay and abeyance (dkt. no. 13) is denied;

    2. Respondent's April 8, 2010 motion to dismiss (dkt. no. 10) is granted; and

    3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: January 25, 2011

                                  _____
                                  KENDALL J. NEWMAN
                                  UNITED STATES MAGISTRATE JUDGE

jone2360.mtd